IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE:                                                      CASE NO.:

The Complaint of SEABOARD SPIRIT LTD
as Owner and SEABOARD MARINE LTD. as Owner
*Pro Hac Vice* of the M/V SEABOARD SPIRIT, its
engines, tackle, appurtenances, equipments, etc.
in a cause of Exoneration from or Limitation of Liability,

Petitioners.

_____/

## PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY

COMES NOW, SEABOARD SPIRIT LTD. as Owner and SEABOARD MARINE LTD. as Owner *Pro Hac Vice* of the M/V SEABOARD SPIRIT (hereinafter "Petitioners") by and through undersigned counsel and pursuant to 46 U.S.C. 30501 *et seq.* Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure and Rule F of the Local Admiralty Rules petition this Court for Exoneration from, or in the alternative Limitation of Liability to the value of the interest of the Petitioners in the M/V SEABOARD SPIRIT and pending freight for the subject voyage for all claims arising out of the incident occurring on or about May 4, 2011, and as grounds therefore further allege as follows:

1.      This action arises within the admiralty and maritime claim jurisdiction of this Honorable Court within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is brought pursuant to the Limitation of Liability Act 46 U.S.C. 30501 *et seq.* and Rule F of the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure and Rule F of the Local Admiralty Rules.

1

2. At all times material hereto, Petitioner SEABOARD SPIRIT LTD. has been a foreign corporation and the owner of the M/V SEABOARD SPIRIT and Petitioner SEABOARD MARINE LTD. has been a foreign corporation and the owner *pro hac vice* of the M/V SEABOARD SPIRIT.

3. The SEABOARD SPIRIT has been at all times material hereto a 2295 gross ton roll on / roll off cargo ship built in 1985, length of 90.83 meters, registered in Panama, official number 30752-05-A, IMO Number 8408454.

4. At all times material hereto, the SEABOARD SPIRIT was fully and properly equipped and in all respects seaworthy and fit and proper for the service in which it was engaged until the occurrence of the event described herein.

5. On May 3, 2011, the SEABOARD SPIRIT commenced its northbound voyage no. 1997 from Nassau, Bahamas to Miami, Florida carrying assorted containers and other general equipment.

6. On May 4, 2011, during cargo discharge operations while the vessel was docked at the port of Miami, an incident occurred on board the vessel which resulted in fatal injuries being suffered by longshoreman Ossie Hyman in the course of his duties performed on behalf of stevedore Eller ITO, specifically a container chassis unit being unloaded from the vessel by fellow longshoreman ITO shifted so as to cause Mr. Hyman to be pinned between the container chassis unit and the bulkhead of the ship.

7. The May 4, 2011 incident was not caused or contributed to by any fault, design, neglect or want of care on the part of the Petitioners or the SEABOARD SPIRIT.

8. The incident and resulting loss and/or damages were occasioned or incurred without the privity or knowledge of Petitioners and without the privity of knowledge at or before the

commencement of the voyage on which the SEABOARD SPIRIT was engaged.

9. As a result of the incident, attorneys representing relatives of the decedent have indicated that a claim against the Owners, Owners pro hac vice and the vessel will be forthcoming and it is anticipated that the amount of the claim asserted arising from this casualty exceeds the total sum or sums for which Petitioners may be legally responsible or may be required to pay under the applicable Limitation of Liability Act.

10. This Complaint is filed within six months from the date Petitioners received the first written notice of claim following the aforesaid casualty.

11. Petitioners claim exoneration from liability of any and all loss and/or damage caused by this casualty, or done, occasioned, or incurred in the voyage in which the casualty occurred and for any and all claims therefore. Petitioners without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in 46 U.S.C. 30501 *et seq.* and to that end, attach hereto the vessel's appraised value Exhibit A, certificate of pending freight Exhibit B, and Letter of Undertaking Exhibit C as security for the benefit of any and all claimants in accordance with the above referenced Statutes and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims.

WHEREFORE, Petitioners, petitions the Court to:

A. enter an Order granting the Motion for Issuance of Limitation Injunction, Monition, and Order Approving Security file contemporaneously herewith;

B. issue a notice to all persons asserting claims with respect to which the Complaint seeks exoneration from or limitation of liability, and admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioners, a copy of the Notice on or

before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve on the attorneys for Petitioners an answer to the Complaint on or before said date, unless the claim included an answer so designated;

    C.    enjoin the prosecution of any and all lawsuits already commenced and the commencement or prosecution thereafter of any and all lawsuits of any nature or description whatsoever in any jurisdiction against Petitioners and/or the SEABOARD SPIRIT and/or against any property of Petitioners and/or against the insurers of Petitioners and/or against the SEABOARD SPIRIT, except in this action, to recover damages for and in respect of any loss or damage caused by or resulting or incurred on the voyage in question;

    D.    adjudge that Petitioners are not liable to any extent for any loss, damage or for any claim therefore in any way arising out of or resulting, or incurred on the voyage in question; or if Petitioners may be adjudged liable, then the liability be limited to the amount or value of Petitioners' interest in the SEABOARD SPIRIT and its pending freight at the end of the voyage in which it was engaged at the time of the casualty, and that Petitioners be discharged from liability on the surrender of the funds secured by the Letter of Undertaking in accordance with the provisions of the Order issued by the Court.

Dated this 25th day of <u>October</u>, 2011.

    BLANCK & COOPER, P.A.
    5730 S.W. 74th Street, Suite #700
    Miami, Florida 33143 Phone: 305-663-0177
    BY: //S// Robert W. Blanck, Esq.
    Robert W. Blanck, Esquire
    Florida Bar Number: 311367
    Jonathan Hernandez, Esquire
    Florida Bar Number: 069047
    Attys for Petitioners SEABOARD

7339/ComplaintPetitionLimitation

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

IN RE: M/V SEABOARD SPIRIT
SEABOARD SPIRIT LTD as Owner and
SEABOARD MARINE LTD. as Owner
*PRO HAC VICE* of the M/V SEABOARD SPIRIT
for exoneration from or limitation of liability,

Petitioners.

CASE NO.:

_____/

## VERIFICATION

STATE OF FLORIDA )
) ss.
COUNTY OF DADE )

ROBERT W. BLANCK, being duly sworn, deposes and says:

That he is an attorney at law admitted to practice before this Court and a partner of the firm of BLANCK & COOPER, P.A. attorneys for Petitioners herein.

He has read the foregoing Complaint and knows the contents thereof and that the same is true of his own knowledge or on information and belief.

Affiant further declares that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief is derived from documents, records, correspondence and memoranda of the Petitioners concerning the matters set forth in the Complaint.

The reason this Verification is made by deponent and not by Petitioners is that Petitioners are foreign corporations none of whose officers are available in the District.

_____
ROBERT W. BLANCK, Esq.

SWORN TO AND SUBSCRIBED before me this 25th day of October, 2011.

_____
NOTARY PUBLIC, STATE OF FLORIDA
My Commission Expires:

7339/VerificationOfPetition

1



NOTARY PUBLIC-STATE OF FLORIDA
Marlene F. King
Commission #DD830208
Expires: NOV. 21, 2012
BONDED THRU ATLANTIC BONDING CO., INC.