UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 11-23841-CIV-MARTINEZ-MCALILEY

IN RE:

The Complaint of SEABOARD SPIRIT LTD., as
Owner and SEABOARD MARINE LTD., as
Owner *Pro Hac Vice* of the M/V SEABOARD
SPIRIT, its engines, tackle, appurtenances,
equipments, etc. in a cause of Exoneration from
or Limitation of Liability,

      Petitioners.
_____/

### CLAIM OF ANTWON HYMAN AND SIESHIA NESHAY REID, AS PERSONAL REPRESENTATIVES OF THE ESTATE OF OSSIE HYMAN

      ANTWON HYMAN and SIESHIA NESHAY REID, as Personal Representatives of the Estate of Ossie Hyman, Respondents/Claimants, as and for their claim in the above styled proceeding against Seaboard Spirit Ltd., as owner, and Seaboard Marine Ltd. as owner *pro hac vice* of the M/V SEABOARD SPIRIT, Petitioners, in a cause civil and maritime, allege upon information and belief as follows:

      1.     This is an admiralty and maritime claim within the meaning of 28 USCA § 1333, and Rule 9(h), Federal Rules of Civil Procedure.

      2.     Prior to the commencement of this action, Antwon Hyman and Sieshia Neshay Reid were duly appointed as Personal Representatives of the Estate of Ossie Hyman, deceased, and are otherwise competent to bring this action.

3. At all times material hereto, Seaboard Spirit Ltd. was a foreign corporation, maintaining an office and/or carrying on business in the Port of Miami, Florida, and was the owner, operator, charterer, and/or otherwise was in control of M/V SEABOARD SPIRIT.

4. At all times material hereto, Seaboard Marine Ltd. was a foreign corporation, maintaining an office and/or carrying on business in the Port of Miami, Florida, and was the owner, operator, charterer, and/or otherwise was in control of M/V SEABOARD SPIRIT.

5. At all times material hereto, M/V SEABOARD SPIRIT was a commercial cargo vessel which loaded and discharged cargo in the Port of Miami, Florida.

6. Prior to and on May 4, 2011, Claimants' decedent, Ossie Hyman, was employed in the Port of Miami, as a longshoreman to provide labor and services for the loading and discharge of commercial cargo vessels, including M/V SEABOARD SPIRIT.

7. On or about May 4, 2011, while M/V SEABOARD SPIRIT was afloat in navigable waters in the Port of Miami, Claimants' decedent, Ossie Hyman, was employed onboard said vessel in the capacity of a longshoreman.

8. On May 4, 2011 as aforesaid, while Claimants' decedent, Ossie Hyman, was carefully, properly, and prudently engaged in the performance of his duties onboard M/V SEABOARD SPIRIT, he suddenly and without any notice or warning, was killed when a trailer/container which was being discharged crushed him against a bulkhead of said vessel.

9. This action for the wrongful death of Claimants' decedent, Ossie Hyman, is brought in accordance with the provisions of the Longshore and Harbor Worker's Compensation Act, 33 USCA § 905 and 33 USCA § 933, and to recover for the Estate of Claimants' decedent, Ossie Hyman, and his survivors/beneficiaries, all wrongful death damages allowable under the

Longshore and Harbor Worker's Compensation Act and/or the General Maritime Law of the United States.

10. The potential beneficiaries of recovery for the wrongful death of Claimants' decedent, Ossie Hyman, as aforesaid are the Estate of Ossie Hyman, decedent's minor children, Sieshia Neshay Reid, Melissa Hyman, Darius Anthony Heath, Monica Hyman, decedent's children Schateadre Demeatrise-Lash Roundtree, Antwon La Vodd Hyman, who are wholly or partially dependent on Claimants' decedent, Ossie Hyman, for support and/or services, and Willie Hyman, the mother of Claimants' decedent, Ossie Hyman, who was wholly or partially dependent on Claimants' decedent, Ossie Hyman, for support or services, and all such beneficiaries are party to this claim and claim the fullest recovery allowed by law.

## COUNT I - NEGLIGENCE/BREACH OF TURNOVER DUTY

11. Prior to and at the time cargo discharge work began on M/V SEABOARD SPIRIT on May 4, 2011, M/V SEABOARD SPIRIT and its owners, operators, and charterers were under a duty to exercise reasonable care to turnover a safe vessel, equipment, and work space, so that a competent stevedore could safely perform the required cargo operations. This turnover duty includes but is not limited to a duty to warn the stevedore of any hazards or hidden defects in the vessel and/or in the stowage or securing of the cargo, as well as faulty machinery or equipment.

12. M/V SEABOARD SPIRIT, Seaboard Spirit Ltd. and/or Seaboard Marine Ltd., breached their turnover duty in that the work space, equipment, and cargo trailers/containers were not in a safe condition, but instead were unreasonably dangerous, defective, and/or not in condition suitable for safe cargo discharge operations, which condition jeopardized the safety of the longshoremen, including Claimants' decedent, Ossie Hyman.

3

13. As a result of the Petitioners and vessel's breach of their turnover duty of safe condition, Claimants' decedent, Ossie Hyman, was killed when a trailer/container being discharged crushed him against a bulkhead of the vessel.

14. That as a direct and proximate result of Petitioners and the vessel's negligent breach of duty, Claimants' decedent, Ossie Hyman, was killed and his estate and survivors suffered damages.

WHEREFORE, Antwon Hyman and Sieshia Neshay Reid, as Personal Representatives of the Estate of Ossie Hyman request:

1. That both exoneration and limitation of liability be denied to Seaboard Spirit Ltd. and Seaboard Marine Ltd.; and

2. That the claims hereinabove be allowed in full, with pre-judgment interest and costs.

## COUNT II - NEGLIGENCE/ACTIVE INVOLVEMENT DUTY

15. Antwon Hyman and Sieshia Neshay Reid, as Personal Representatives of the Estate of Ossie Hyman, reaffirm and reallege the allegations contained in paragraphs 1 through 10 above as fully as if set out herein.

16. Prior to and during the discharge of cargo from M/V SEABOARD SPIRIT in the Port of Miami on May 4, 2011, as aforesaid, M/V SEABOARD SPIRIT, its master, officers, and crew, and Seaboard Spirit Ltd. and/or Seaboard Marine Ltd. had a duty to exercise care to avoid exposing longshoremen, including but not limited to Claimants' decedent, Ossie Hyman, from harm from the hazards the longshoremen might encounter in areas, or from equipment, apparel, or appurtenances of the vessel, under the active control of the vessel during the stevedore operations.

17. On May 4, 2011, M/V SEABOARD SPIRIT and/or Petitioners breached their duty with respect to active involvement/control over cargo operations in that a trailer/container which was being discharged from said vessel was not properly unsecured and/or prepared for discharge from an area of the vessel where the vessel's crew and/or Petitioners were actively involved and/or controlling the unsecuring and/or discharge operations, and as a result of this breach of duty, Claimants' decedent, Ossie Hyman, was killed when a trailer/container crushed him against a bulkhead of the vessel.

18. That as a direct and proximate result of Petitioners and the vessel's negligent breach of duty, Claimants' decedent, Ossie Hyman, was killed and his estate and survivors suffered damages.

WHEREFORE, Antwon Hyman and Sieshia Neshay Reid, as Personal Representatives of the Estate of Ossie Hyman request:

1. That both exoneration and limitation of liability be denied to Seaboard Spirit Ltd. and Seaboard Marine Ltd.; and

2. That the claims hereinabove be allowed in full, with pre-judgment interest and costs.

### COUNT III – NEGLIGENCE/DUTY TO INTERVENE

19. Antwon Hyman and Sieshia Neshay Reid, as Personal Representatives of the Estate of Ossie Hyman, reaffirm and reallege the allegations contained in paragraphs 1 through 10 above as fully as if set out herein.

20. During the discharge of cargo from M/V SEABOARD SPIRIT in the Port of Miami on May 4, 2011 as aforesaid, the vessel, its master, officers and crew, and Petitioners, had a duty to intervene in the stevedoring operation when the vessel and/or Petitioners had actual knowledge of the dangerous condition that trailers/containers were being discharged from

stowage on the vessel that had not been fully unsecured and/or prepared for discharge, and that the stevedore employed to discharge the cargo from the vessel was not acting to protect its employees, including but not limited to Claimants' decedent, Ossie Hyman, from the dangerous condition of discharging trailers/containers which had not been fully unsecured and/or prepared for discharge from the vessel.

21. As a result of the vessel and/or Petitioners' breach of their duty to intervene, Claimants' decedent, Ossie Hyman was killed when a trailer/container crushed him against a bulkhead of the vessel.

22. That as a direct and proximate result of Petitioners and the vessel's negligent breach of duty, Claimants' decedent, Ossie Hyman, was killed and his estate and survivors suffered damages.

WHEREFORE, Antwon Hyman and Sieshia Neshay Reid, as Personal Representatives of the Estate of Ossie Hyman request:

    1. That both exoneration and limitation of liability be denied to Seaboard Spirit Ltd. and Seaboard Marine Ltd.; and

    2. That the claims hereinabove be allowed in full, with pre-judgment interest and costs.

*David F. Pope* (signature)
David F. Pope
Florida Bar No. 164452
BANKER LOPEZ GASSLER P.A.
501 E. Kennedy Boulevard
Suite 1500
Tampa, FL 33602
Telephone: (813) 221-1500
Facsimile: (813) 222-3066

and

                                              Carolyn F. Frank
                                              Florida Bar No. 91138
                                              FRIEDMAN, RODMAN & FRANK, P.A.
                                              3636 West Flagler Street
                                              Miami, Florida 33135
                                              Telephone: (305) 448-8585
                                              Facsimile: (305) 448-9818

                                              Attorneys for Respondents/Claimants
                                              Antwon Hyman and Sieshia Neshay
                                              Reid, As Personal Representatives
                                              of the Estate of Ossie Hyman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 15, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notices of Electronic Filing.

                                                                               /s/ David F. Pope
                                                                               David F. Pope

## SERVICE LIST
### Case No. 11-23841-CIV-MARTINEZ

Robert W. Blanck, Esquire
Florida Bar No. 311367
Rblanck@shiplawusa.com
Blanck & Cooper, P.A.
5730 SW 74th Street, Suite 700
Miami, FL 33143
Telephone: (305) 663-0177
Facsimile: (305) 663-0146
Attorneys for Petitioners

David F. Pope, Esquire
Florida Bar No. 164452
dpope@bankerlopez.com
Banker Lopez Gassler P.A.
501 E. Kennedy Boulevard
Suite 1500
Tampa, FL 33602
Telephone: (813) 221-15009
Facsimile: (813) 222-3066
Attorneys for Respondents/
Claimants, Antwon Hyman and
Sieshia Neshay Reid, as Personal
Representatives of the Estate of
Ossie Hyman

Carolyn F. Frank, Esquire
Florida Bar No. 91138
carolynfrank@comcast.net
Friedman, Rodman & Frank, P.A.
3636 West Flagler Street
Miami, FL 33135
Telephone: (305) 448-8585
Facsimile: (305) 448-9818
Attorneys for Respondents/
Claimants, Antwon Hyman and
Sieshia Neshay Reid, as Personal
Representatives of the Estate of
Ossie Hyman

Jack P. Hill, Esquire
Florida Bar No. 547808
JPH@SearcyLaw.com
Search Denney Scarola Barnhart
& Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, FL 33409
Telephone: (561) 686-5300
Facsimile: (561) 383-9424
Attorneys for Claimant,
Willie Hyman