UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 11-23841-CIV-MORENO

IN RE:

M/V SEABOARD SPIRIT, SEABOARD SPIRIT
LTD as Owner and SEABOARD MARINE LTD as
Owner *Pro Hac Vice* of the M/V SEABOARD
SPIRIT, for exoneration from or limitation of
liability,

      Petitioners.
_____/

## ORDER ENTITLING SEABOARD SHIP MANAGEMENT, INC. TO PETITION FOR EXONERATION FROM OR LIMITATION OF LIABILITY UNDER THE LIMITATION OF LIABILITY ACT

Petitioners, the owners and managers of vessel M/V Seaboard Spirit, brought this action for exoneration from or limitation of liability of the claims arising from a May 4, 2011 incident resulting in the death of longshoreman Ossie Hyman. Claimants, as representatives of Mr. Hyman's estate, thereafter filed a claim for wrongful death against Petitioners. On cross-motions for summary judgment, United States District Court Judge Robin Rosenbaum granted summary judgment in favor of Petitioners, denied Claimants' Motion for Summary Judgment, and entered final judgment in favor of Petitioners. Claimants then moved the Court to alter or amend the final judgment.

On May 8, 2014, Judge Rosenbaum issued an Order Granting In Part Claimants' Motion to Alter or Amend Judgment (D.E. No. 145).[1] As part of the Order, Judge Rosenbaum ordered Petitioners to show cause why Petitioners Seaboard Ship Management, Inc., and Seaboard Marine of Florida, Inc., should not be dismissed from this action. The Order stated, "[t]he Court agrees that limitation of

---

[1] The Order vacated the prior granting of summary judgment and the final judgment in favor of Petitioners. The Order also instructed that the action proceed with respect to Petitioners' turnover duty as "the owner of the M/V Seaboard Spirit only."

liability cannot be extended to Seaboard Ship Management, Inc.[] without facts establishing that its responsibilities and duties warrant owner *pro hac vice* status" warranting protection under the Limitation of Liability Act, 42 U.S.C. § 30501.

In the response to the show cause order, Petitioners argue that pursuant to the relevant material agreements between the parties and the testimony of various individuals, Seaboard Ship Management has satisfied the legal requirements necessary to invoke the Limitation Act. Petitioners also concede that Petitioner Seaboard Marine of Florida, Inc. "is an entity without the requisite contacts with the vessel, M/V Seaboard Spirit, to be eligible for the benefits of the Limitation Act" and should therefore be dismissed as a Petitioner from this action.

In their reply, Claimants argue that Seaboard Ship Management "functioned solely as a manager and was not a charterer, owner *pro hac vice*, or otherwise operating M/V Seaboard Spirit at its own expense and/or for its own account," and therefore has not met its burden of demonstrating entitlement to protection under the Limitation of Liability Act.

### The Limitation of Liability Act

The parties do not dispute Judge Rosenbaum's analysis of the Limitation of Liability Act in the Order Granting In Part Claimants' Motion to Alter or Amend Judgment. The lone issue with respect to the Order to Show Cause is whether Seaboard Ship Management has alleged or can allege sufficient facts to demonstrate it is entitled to protection under the Act.

As stated in Judge Rosenbaum's Order, limitation of liability under the Act generally applies to the owner of the vessel. *See* 46 U.S.C. §§ 30505(a), 30512. However, the Act includes in the definition of "owner" "a charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement," commonly referred to as an "owner *pro hac vice*." *Id.* at § 30501. Section 30501 "carries with it the 'negative implication that except for the owner only the

type of charterer who "mans, victuals and navigates" can claim the protection of the Limitation Act.'" *Complaint of Chesapeake Shipping, Inc.*, 778 F. Supp. 153, 155 (S.D.N.Y. 1991) (citation omitted).

The term "owner" is to be interpreted in a "liberal way," and does not require title ownership. *Dick v. U.S.*, 671 F.2d 724, 727 (2d Cir. 1982) (citation omitted). Rather, "one who is subjected to a shipowner's liability because of [its] exercise of dominion over a [i.e. relationship to] a vessel should be able to limit [its] liability to that of an owner." *In re Houseboat Starship II*, 2005 WL 3440788, at * 3 (M.D. Tenn. Dec. 12, 2005) (citing *Complaint for Exoneration of or Limitation of Liability of Shell Oil Company, et al.*, 780 F. Supp. 1086 (E.D. La. 1991) (entitling both owner and "de facto operator of the vessel" to limit their liability)). Therefore, "if the petitioner may be held liable because of [its] ownership or control of the vessel, [it] can maintain a petition to limit [its] liability." *Chesapeake Shipping*, 778 F. Supp. at 156. Stated differently, "the act is designed to cover one who is a 'likely target' for liability claims" predicated on its status as the entity "perhaps ultimately responsible for the vessel's maintenance and operation." *Houseboat Starship*, 2005 WL 3440788 at *3.

Those seeking to invoke the limitation of liability of the Act bear the burden of pleading facts establishing their entitlement to do so. *Norfolk Dredging Co. v. M/V A.V. Kastner*, 264 F. Supp. 2d 265, 267 (D. Md. 2003). Mere allegations that an entity is a manager of a vessel is insufficient to establish owner *pro hac vice* status. *In re Tourtellotte*, 2010 WL 5140000, at *3 (D.N.J. Dec. 9, 2010). Rather, the entity seeking protection of the Act must set forth the duties and responsibilities as manager of the vessel. *Norfolk Dredging*, 264 F. Supp. 2d at 267-68.

Courts find that vessel managers can be considered owners *pro hac vice* when their responsibilities include "[m]anning the vessels; victualing the vesels, providing for navigation, which involved procuring and providing the deck, engine and cabin stores; maintenance and repairs for hull and machinery; providing spare parts, maintenance and repairs for communication and navigation

equipment . . . and communicating with [the owner] and the vessels' time charterers." *In re Chesapeake Shipping*, 803 F. Supp. 872, 873-74 (S.D.N.Y. 1992) (entitling ship management company to petition for limitation due to "broad range of managerial responsibility). "Factors such as who pays for storage of the vessel and who skippers the vessel, as well [as] who has possession and control of the vessel, must be taken into account in determining who is an owner for purposes of the Act. Courts also look to the degree of autonomy from the actual owners the managers exercise." *Tourtellotte*, 2010 WL 5140000 at *2 (citations omitted).

### Seaboard Ship Management, Inc. Is A Proper Petitioner Under the Limitation of Liability Act

Petitioner Seaboard Ship Management entered into a "Management Agreement" with the vessel owner, under which it would act as the manager for the subject vessel and provide various services as defined in the agreement. Those services included, *inter alia*: (a) manning the vessel; victualing and insuring the crew, D.E. 147, Ex. A, § 2.1; (b) providing and supervising maintenance and repairs to the vessel, *Id.*, §§ 2.2, 3.2 (c) arranging for the supply to the vessel of various parts and services, *Id.*, § 2.2; and (d) maintaining appropriate and adequate financial records, *Id.*, § 6.5. In addition, Petitioners cite sworn testimony of various "high ranking members" of Seaboard Ship Management to confirm the aforementioned contractual responsibilities as well as others. For example, these individuals testified that Seaboard Ship Management was entirely responsible for handling "operations, crewing, and accounting," "purchas[ing] whatever was required," "making sure the maintenance was carried out on a routine schedule," "the technical operation of the vessel," and hiring the captain and chief officer of the vessel. D.E. 147 at 7-9 (Depo. Tr. of Seaboard Ship Management Vice Presidents Doug Ewing and Narinder Wadhwa and Senior Technical Manager Michael Marshall).

Claimants do not refute Petitioners' arguments regarding its responsibilities under the

Management Agreement, and similarly do not dispute the sworn testimony. Instead, Claimants argue that Seaboard Ship Management was not operating M/V Seaboard Spirit "for its own account, but solely as a manager for the owner." D.E. 152 at 2, 4. In support, Claimants point to provisions of the Management Agreement wherein various responsibilities of Seaboard Ship Management, despite being carried out day-to-day by Seaboard Ship Management, were carried out at the owner's expense and for the owner's ultimate benefit. Claimants also cite to *The America Milling Company, Ltd.*, 409 F.3d 1005 (8th Cir. 2005) for support. In that case, the Eighth Circuit held that the owner, America Milling, "did not relinquish sufficient control to Winterville [as vessel manager] to impart owner status [under the Limitation of Liability Act]." *Id.* at 1017.

Even accepting Claimants' arguments as true, Claimants have nonetheless failed to refute, or even address, the abundance of case law finding that a vessel manager can be covered under the Act: (a) due to its "ownership or control of the vessel," *Chesapeake Shipping*, 778 F. Supp. at 156; (b) where it is a "likely target" for liability claims stemming from the vessel's maintenance and operation, *Houseboat Starship*, 2005 WL 3440788, at *3; or (c) where its duties consist of, *inter alia*, manning the vessels, victualing the vessels, providing for navigation, maintenance and repairs for hull and machinery, and providing spare parts. *Chesapeake Shipping*, 803 F. Supp. at 873-74.

Further, the Court agrees with Petitioners that *America Milling* is inapposite. Not only does the Eighth Circuit make clear that the definition of owner or charterer under the Act has been "expanded" to include those who exercise dominion and control over a vessel, 409 F.3d at 1014, but under the Management Agreement between Seaboard Ship Management and the owner, Seaboard Ship Management had several key responsibilities not held by the manager in *America Milling*. Under the Management Agreement and in practice, Seaboard Ship Management had hiring authority, maintained insurance, and was responsible for maintenance of the vessel, whereas the manager in *America Milling*

did not have such responsibilities. Moreover, the court in *America Milling* noted several cases where vessel managers were entitled to owner status, even if not deemed an owner or charterer, due to responsibilities including maintaining insurance, providing maintenance and repairs, providing supplies and parts, and "making decisions above and beyond those normally entrusted to a captain or pilot." *Id.* at 1015-16.

Claimants are correct that Petitioners bear the burden of pleading facts establishing entitlement to limitation of liability. However, where Petitioners have alleged facts and set forth legal arguments demonstrating it is entitled to protection, and Claimants have failed to refute or legally challenge those facts or otherwise produce evidence at this stage to support their argument, the Court finds Petitioner Seaboard Ship Management should not be dismissed from this limitation action. Accordingly, it is

**ADJUDGED** that:

(1) Petitioner Seaboard Ship Management, Inc. is entitled to petition for exoneration from or limitation of liability under the Limitation of Liability Act.

(2) Petitioner Seaboard Marine of Florida, Inc. is dismissed from this action.

DONE AND ORDERED in Chambers at Miami, Florida, this 22nd day of July, 2014.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record